IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01176-PAB-KLM

SAMUEL R. WEDERSKI,

　　　　Plaintiff,

v.

JEFFREY BACON, individually and in his official capacity as acting doctor for the Logan County Jail,

　　　　Defendant.
_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

　　　　This matter is before the Court on Defendant's **Amended Motion to Dismiss Plaintiff's Amended Prisoner Complaint** [Docket No. 34; Filed November 29, 2012] (the "Motion"). On February 28, 2013 and March 15, 2013, Plaintiff, who is proceeding *pro se*, filed Responses [#41 & #44] to the Motion. On March 26, 2013, Defendant filed a Reply [#47]. The Motion is thus ripe for review. Pursuant to 28 U.S.C. § 636(b)(1) and D.C.COLO.LCivR 72.1C.3, the Motion is referred to this Court for recommendation [#17]. Having reviewed the entire case file and being sufficiently advised, the Court **RECOMMENDS** that the Motion [#34] be **GRANTED**.

## I.  Summary of the Case

　　　　At the time of the events giving rise to this action, Plaintiff was a prisoner at the

Logan County Jail (the "Jail"), and Defendant was the acting doctor for the Jail.[1]  *Am. Compl.* [#34] at 3.  Plaintiff alleges that, while incarcerated at the Jail, he was in "desperate need" of proper medication "for a variety of mental health needs."  *Id.*  Plaintiff further alleges that he submitted to Defendant various medical request "kites"; that Plaintiff's niece and "Nurse Sue" conferred with Defendant regarding Plaintiff's medical condition; and that "Dr. Sewell" had, at some unspecified time, ordered for Plaintiff certain medications and oxygen.  *Id.* at 3-4.  Despite these alleged events, however, Plaintiff avers that Defendant refused to provide him with the medical treatment Plaintiff desired.  *Id.* at 4.  Instead, Plaintiff maintains that Defendant treated him only with Coumadin.  *Id.*  Plaintiff asserts that, as a result of Defendant's refusal to provide Plaintiff with the medical treatment Plaintiff desired, Plaintiff was rendered incompetent at his criminal trial and suffered physical, mental, and emotional harm.  *Id.* at 4-5.

Plaintiff brings two claims against Defendant.  *Id.* at 4-5.  Both claims are brought pursuant to 42 U.S.C. § 1983.  *Id.* at 3.  First, Plaintiff claims that Defendant's failure to provide him with proper medical care constituted a violation of his Eighth Amendment rights.  *Id.* at 4.  Second, Plaintiff claims that Defendant's failure to provide Plaintiff with proper medical care constituted deliberate indifference in violation of the Due Process Clause of the Fourteenth Amendment.  *Id.* at 5.  Plaintiff seeks nominal, compensatory, and

---

[1]  Plaintiff asserts that the events giving rise to this action occurred in 2010 and 2011.  *Am. Compl.* [#14] at 5.  Defendant contests this, asserting that his employment at the Jail lasted only from May 1, 2008 until December 31, 2009.  *Motion* [#34] at 2 n.1.  When considering a motion to dismiss, "a court must accept as true all of the allegations contained in a complaint . . . ."  *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  Accordingly, in analyzing the Motion, the Court accepts as true Plaintiff's assertions that Defendant's conduct giving rise to this action took place at the Jail in 2010 and 2011.

punitive damages from Defendant in Defendant's individual and official capacities.  *Id.* at

6.  Plaintiff also seeks declaratory and injunctive relief from Defendant in Defendant's

individual and official capacities.  *Id.*

Defendant responds to Plaintiff's Amended Complaint with the Motion at issue,

seeking dismissal pursuant to Fed. R. Civ. P. 12(b)(1)[2] and 12(b)(6).  *Motion* [#34] at 1.

Defendant contends that Plaintiff fails to state an actionable claim for violation of Plaintiff's

Eighth or Fourteenth Amendment rights.  *Id.* at 5-10.

## II.  Standard of Review

### A.  Federal Rule of Civil Procedure 12(b)(6)

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test "the

sufficiency of the allegations within the four corners of the complaint after taking those

allegations as true."  *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994); Fed. R. Civ.

P. 12(b)(6) (stating that a complaint may be dismissed for "failure to state a claim upon

which relief can be granted").  "The court's function on a Rule 12(b)(6) motion is not to weigh

potential evidence that the parties might present at trial, but to assess whether the plaintiff's

complaint alone is legally sufficient to state a claim for which relief may be granted."  *Sutton*

*v. Utah State Sch. for the Deaf & Blind,* 173 F.3d 1226, 1236 (10th Cir. 1999) (citation

omitted).  To withstand a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must

contain enough allegations of fact 'to state a claim to relief that is plausible on its face.'"

*Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S.

---

[2] Although Defendant purports to seek dismissal pursuant to Rule 12(b)(1), Defendant at no point in either his Motion [#34] or Reply [#47] addresses this Rule or raises any subject-matter jurisdiction arguments .  Accordingly, the Court evaluates the Motion pursuant only to Rule 12(b)(6).

at 570); *see also Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) ("The complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations." (quoting *Twombly*, 550 U.S. at 570)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* (brackets in original; internal quotation marks omitted).

To survive a motion to dismiss pursuant to Rule 12(b)(6), the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1191 (10th Cir. 2009).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," a factual allegation has been stated, "but it has not show[n][]that the pleader is entitled to relief," as required by Fed. R. Civ. P. 8(a).  *Iqbal*, 552 U.S. at 679 (second brackets added; citation and internal quotation marks omitted).

## B.  Plaintiff's Status as a *Pro Se* Litigant

The Court must construe liberally the filings of a *pro se* litigant.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be the *pro se* litigant's advocate, nor should the Court "supply additional factual allegations to round out [the *pro se* litigant's] complaint or construct a legal theory on [his] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110).  In addition, *pro se* litigants must follow the same

-4-

procedural rules that govern other litigants.  *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

### III.  Analysis

**A.  Violation of Plaintiff's Eighth Amendment Rights**

Plaintiff alleges that Defendant refused to provide him with medication and treatment that Plaintiff felt he "desperate[ly] need[ed]." Plaintiff contends that this refusal constituted a violation of his Eighth Amendment rights.  The Court disagrees.

The Eighth Amendment to the United States Constitution provides that "cruel and unusual punishments" shall not be inflicted.  U.S. Const. amend. VIII.  Punishments that "involve the unnecessary and wanton infliction of pain" violate this provision.  *Gregg v. Georgia*, 428 U.S. 153, 173 (1976).  Because prisoners "must rely on prison authorities to treat [their] medical needs," *Estelle v. Gamble*, 429 U.S. 97, 103 (1976), the Supreme Court has held that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." *Id.* at 104 (quoting *Gregg*, 428 U.S. at 173).  The test for deliberate indifference is both objective and subjective: a prisoner must establish that he was deprived of a medical need that is, objectively, "sufficiently serious," *Farmer v. Brennan*, 511 U.S. 825, 834 (1994), and that the defendant subjectively knew of and disregarded "an excessive risk to [the prisoner's] health or safety." *Id.* at 837.

**1.  The Objective Standard**

Defendant argues that Plaintiff's allegations do not satisfy the objective standard of the deliberate indifference test because Plaintiff fails to state specifically his medical

conditions, needs, or injuries. *Motion* [#34] at 11.  The Court agrees.

In order to satisfy the objective prong of the test for deliberate indifference, a medical need must be sufficiently serious. *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999). A medical need is sufficiently serious if it is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980) (quoting *Laaman v. Helgemoe*, 437 F. Supp. 269, 311 (D.N.H. 1977)).

In attempting to articulate a "sufficiently serious" medical need, Plaintiff makes only two allegations that are viable candidates in his Amended Complaint [#14]. First, Plaintiff asserts that "Dr. Sewell" ordered for Plaintiff certain unidentified medications and oxygen. Plaintiff fails, however, to identify any condition that necessitates use of these medications and oxygen.  This omission is fatal.  The Court will not subscribe to the idea that a cursory proclamation that Plaintiff has been prescribed an ambiguous course of treatment for an unidentified purpose constitutes, by itself, a sufficiently serious medical condition. *See Daugherty v. Kansas*, No. 08-3066-SAC, 2008 WL 2906505, at *4 (D. Kan. July 24, 2008). Second, Plaintiff asserts that "the connection between his stomach and intestines was inflamed." *Am. Compl* [#14] at 4.  This allegation is also deficient.  Courts are in general agreement that stomach and intestine inflammation does not establish a sufficiently serious medical condition. *See Sledge v. Kooi*, 564 F.3d 105, 108 (2d Cir. 2009); *Lewis v. Aramark Servs., Inc.*, No.  00-3601, 2000 WL 1827847, at *1 (6th Cir. Dec. 8, 2000); *Tafari v. Weinstock*, No.  07CV0693, 2010 WL 3420424, at *7 (W.D.N.Y. Aug. 27, 2010).  The Court finds these cases persuasive.  Accordingly, Plaintiff's factual allegations are insufficient to satisfy the objective standard of the deliberate indifference test.

### 2.  The Subjective Standard

Defendant argues that Plaintiff's allegations do not satisfy the subjective standard of the deliberate indifference test because Plaintiff fails to allege that Defendant had a sufficiently culpable state of mind.  *Motion* [#34] at 11.  The Court agrees.

In order to satisfy the subjective prong of the test for deliberate indifference, Plaintiff must allege that Defendant "kn[ew] of and disregard[ed] an excessive risk to inmate health and safety . . . ."  *Farmer*, 511 U.S. at 837.  A defendant knows of and disregards an excessive risk to a prisoner's health or safety when he is both "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," and he actually draws that inference.  *Id.*  Importantly, "it is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishment Clause."  *Whitley v. Albers*, 475 U.S. 312, 319 (1986).  Accordingly, a prisoner does not have a valid claim of deliberate indifference simply because he was denied "a particular course of treatment" that he desired.  *Callahan v. Poppell*, 471 F.3d 1155, 1160 (10th Cir. 2006).  "[A] prison doctor remains free to exercise his or her independent professional judgment," *id.* (citing *Dulany v. Carnahan*, 132 F.3d 1234, 1240 (8th Cir. 1997)), and "[m]edical decisions that may be characterized as 'classic examples of matters for medical jdugment,' such as whether one course of treatment is preferable to another, are beyond the [Eighth] Amendment's purview."  *Id.* (citing *Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir. 1996)).

Plaintiff alleges that he submitted to Defendant various medical request "kites" and that both his niece and "Nurse Sue" communicated with Defendant regarding Plaintiff's medical condition.  Accordingly, Plaintiff has stated allegations that plausibly suggest

Defendant may have known of a medical issue impacting Plaintiff's health or safety. *Cf.*
*McConnell v. Cirbo*, No. 11-cv-02342-WJM-KLM, 2012 WL 3590762 (D. Colo. Apr. 24,
2012). But such is not the standard. Plaintiff's allegations do not persuade the Court that
Plaintiff has met his burden in demonstrating that Defendant *knew of an excessive risk* to
Plaintiff's health or safety. Still, even if Plaintiff had properly alleged that Defendant knew
of an excessive risk to Plaintiff's health or safety, Plaintiff has not sufficiently alleged that
Defendant *disregarded* any excessive risk to Plaintiff's health or safety.

Plaintiff concedes that Defendant was treating Plaintiff with Coumadin. *Am. Compl.*
[#14] at 4. Plaintiff's case therefore "boils down to a contention that he had a right to a
particular course of treatment . . . ." *Callahan*, 471 F.3d at 1160. Such an expansive view
of the rights protected by the Eighth Amendment has been ubiquitously rejected. *See, e.g.*,
*Green v. Branson*, 108 F.3d 1296, 1304 (10th Cir. 1997); *Dulany*, 132 F.3d at 1240; *Snipes*,
95 F.3d at 591. That Plaintiff felt he was in "desperate need of proper medication" does not
change the fact that "a prison doctor remains free to exercise his or her independent
professional judgment." *Dulany*, 132 F.3d at 1240. Although it is certainly possible that
Defendant may have committed malpractice, "the Eighth Amendment does not redress such
a claim." *Callahan*, 471 F.3d at 1160 (citing *Estelle*, 429 U.S. at 107).

Though Plaintiff alleges facts suggesting that his medical need was sufficiently
serious, Plaintiff fails to allege facts suggesting that Defendant acted with a sufficiently
culpable state of mind. Accordingly, Plaintiff has failed to present "enough allegations of fact
'to state a claim to relief that is plausible on its face.'" *Robbins v. Oklahoma*, 519 F.3d 1242,
1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). The Court therefore
**recommends** that the Motion be **granted** in regard to Plaintiff's first claim.

**B.  Violation of Plaintiff's Fourteenth Amendment Rights**

Plaintiff contends that Defendant violated Plaintiff's Fourteenth Amendment right to due process.  *Am. Compl.* [#14] at 5.  It is unclear, however, whether Plaintiff intends to assert a procedural due process claim, a substantive due process claim, or both.  Accordingly, the Court addresses in turn each of these potential claims.

**1.  Procedural Due Process**

Procedural due process protects the individual against "arbitrary action of government."  *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974).  In general, a plaintiff must make two showings in order to proceed on a procedural due process claim.  *See Bartell v. Aurora Pub. Sch.*, 263 F.3d 1143, 1149 (10th Cir. 2001).  First, a plaintiff must demonstrate that he possessed a protected liberty or property[3] interest.  *Id.*  Second, a plaintiff must show that the procedures utilized which impacted his protected interest were inadequate under the circumstances.  *Id.* at 1149.

Liberty interests "are not created by the Constitution.  Rather they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state-law rules or understandings that secure certain benefits and that support claims of entitlement to those benefits."  *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 577 (1972); *see Ingram v. Papalia*, 804 F.2d 595, 596 (10th Cir. 1986) (stating that, for a liberty interest to exist, state law must create it with "language of an unmistakably mandatory character").  While "the constitutional rights that prisoners possess are more limited in scope than the constitutional rights held by individuals in society at

---

[3] Plaintiff does not assert, and the Court has found no law standing for the proposition, that a property interest may be implicated by the withholding of a desired course of medical treatment.

large," *Shaw v. Murphy*, 532 U.S. 223, 228 (2001), this reality is tempered by the recognition that "[t]here is no iron curtain drawn between the Constitution and the prisons of this country." *Wolff*, 418 U.S. at 555-56.

Plaintiff is correct that he is entitled to medical care while incarcerated. However, it is well-established that "[t]he prisoner's right is to medical care—not to the type or scope of medical care which he personally desires." *Henderson v. Sec'y of Corr.*, 518 F.2d 694, 695 (10th Cir. 1975) (quoting *Coppinger v. Townsend*, 398 F.2d 392, 394 (10th Cir. 1968). Plaintiff does not allege that Defendant deprived him of medical care generally; instead, he readily concedes that Defendant provided him with Coumadin. Accordingly, to the extent that Plaintiff alleges only that he was not provided with "the type or scope of medical care which he personally desires," *Henderson*, 518 F.2d at 695, Plaintiff does not demonstrate that he possessed a protected liberty interest in receiving the medical care he desired.

Plaintiff does not identify a protected liberty interest in receiving the medical care he desired. Accordingly, Plaintiff fails to state a cognizable claim pursuant to his constitutional right to procedural due process.

### 2. Substantive Due Process

Though it may be possible to analyze Plaintiff's claim under the framework of substantive due process, such analysis is disfavored if the claim can be analyzed under "an explicit textual source of constitutional protection." *Graham v. Connor*, 490 U.S. 386, 395 (1989). Because Plaintiff's Fourteenth Amendment claim is a mere reiteration, practically and purposively indistinguishable from his Eighth Amendment Claim, the Court will not analyze Plaintiff's Fourteenth Amendment claim under the framework of substantive due process; instead, the Court finds that Plaintiff's Fourteenth Amendment claim should be

dismissed for the same reasons set forth in Part III.A.

Plaintiff fails to allege facts sufficient to state a claim for violation of either procedural or substantive due process under the Fourteenth Amendment.   Moreover, Plaintiff's Fourteenth Amendment claim is duplicative of his Eighth Amendment claim. The Court therefore **recommends** that the Motion be **granted** in regard to Plaintiff's second claim.

## IV.  Conclusion

For the foregoing reasons, the Court respectfully **RECOMMENDS** that the Motion [#34] be **GRANTED** and that Plaintiff's Amended Complaint [#14] be **DISMISSED WITHOUT PREJUDICE**.

IT IS HEREBY **ORDERED** that, pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.   A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.   *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).   A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review.   *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: May 29, 2013

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge

-11-